2024 IL App (1st) 220453

FIFTH DIVISION
August 16, 2024

No. 1-22-0453

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| CASTLEWOOD TERRACE HOMEOWNER'S ASSOCIATION, EDWARD KUSKE, BARBARA KUSKE, PHILIP WOLIN, LIDIA WOLIN, ARTHUR NOLAN, ALEX BERNHARDT, SUSAN WEIN, KATHY OSBERGER, WILLIAM STRAUSBERGER, ANDREW FAY, ELYSE FELDMANN, AND SAMUEL KING, | ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs- Appellants, | ) ) | |
| v. | ) ) | No. 19 CH 03124 |
| PUBLIC BUILDING COMMISSION FOR THE CITY OF CHICAGO | ) ) ) ) | Honorable Pamela M. Myerson, |
| Defendant-Appellee. | ) ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court, with opinion.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment and opinion.

**OPINION**

¶ 1    In 1963, the plaintiff-appellant, the Castlewood Terrace Homeowner's Association (Association), filed a complaint against the City of Chicago, the owners of certain condemned lots within the Castlewood Subdivision, alleging that the construction of an elementary school violated restrictive covenants that were in place. The trial court dismissed the complaint, finding in favor of the City of Chicago. On September 26, 2018, the Chicago Board of Education adopted a

resolution, requesting that the defendant-appellee, the Public Building Commission for the City of Chicago (Public Building Commission), construct a gymnasium as an annex for the elementary school that was the subject of the prior lawsuit. On March 11, 2019, the Association filed its initial complaint. On October 21, 2019, the Association amended the complaint against the Public Building Commission, alleging that the proposed construction of the gymnasium violated the restrictive covenants on the land. The complaint was subsequently dismissed with prejudice by the trial court based on *res judicata* grounds. On appeal, the Association argues the trial court erred by (1) finding that *res judicata* applied to the 2019 complaint, (2) dismissing the amended complaint with prejudice, (3) dismissing the amended complaint without ruling on a zoning ordinance violation claim in a proposed amended complaint, and (4) denying the motion to reconsider. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 2                                     I. BACKGROUND

¶ 3      Castlewood Terrace is located in the Castlewood Subdivision, which was created in 1896, in Chicago, Illinois. That plat of the subdivision contained duly recorded restrictive covenants. In 1960, the City of Chicago initiated condemnation proceedings to acquire three lots within the plat for the purpose of building a public school. In 1963, after the completion of the condemnation proceedings, the Association filed a complaint against the City of Chicago, alleging the purposed use violated the restrictive covenants. In the complaint, the Association cited all the restrictive covenants.

¶ 4      In 1966, the trial court issued its ruling on the Castlewood Terrace Homeowner's Association's complaint. The order did not state that the restrictive covenants were nullified. Instead, the court held that, "[t]he erection and operation of the public school on Lots 40, 41 and 42 does not violate any of the restrictions and covenants set forth above, and is a public institution

supported and maintained by public funds." The Association did not appeal the trial court's decision. The City of Chicago subsequently built an elementary school on the property. In 1992, the City of Chicago conveyed the property in trust for the use of schools to the Public Building Commission in a quitclaim deed.

¶ 5    On September 26, 2018, the Chicago Board of Education adopted a resolution, which requested that the Public Building Commission construct a gymnasium as an annex to the elementary school. On March 11, 2019, the Association filed a complaint against the Public Building Commission. The Association filed an amended complaint on October 21, 2019. In the amended complaint, the Association alleged that the proposed construction project would cross a setback line of 25 feet on the north side of Castlewood Terrace, which was prohibited by one of the restrictive covenants. The complaint sought a declaratory judgment, stating that the covenants are still in effect, that the covenants contain a valid setback provision, and that the annex project violates that restrictive covenant provision. The pertinent restrictive covenant states "[t]hat no building (except bay windows, porches, porticos, and front door steps) shall be built or maintained upon said lot between the building line laid down and designation on the record plat of said subdivision and any part of the street designated on said plat as Castlewood Terrace." The parties are in agreement that the recorded plat established a 25-foot setback line, which the aforementioned covenant enforced.

¶ 6    On February 19, 2020, the Public Building Commission filed a motion to dismiss pursuant to section 2-619(a)(4) (735 ILCS 5/2-619(a)(4) (West 2018)) and section 2-615 (735 ILCS 5/2-615 (West 2018)) of the Code of Civil Procedure. The motion to dismiss argued that the Castlewood Terrace Homeowner's Association's claims were barred by *res judicata*.

Alternatively, it argued that the restrictive covenants on the lots in question could not be enforced after the City of Chicago acquired the property for public use.

¶ 7    On September 10, 2021, the trial court conducted oral arguments on the Public Building Commission's motion to dismiss. On November 23, 2021, the trial court entered an oral order, with a written order to follow, dismissing the amended complaint with prejudice. In its oral ruling, the trial court declined to rule on whether the restrictive covenants were extinguished by the condemnation proceedings as to the lots owned by the City of Chicago. As to the *res judicata* argument, the court found that the 1966 court order stated that the restrictions were not gone but instead "that the operation of the school doesn't violate them, any of them." While the trial court stated that the 1966 decision did not go into much detail, the court noted that the decision enumerated the restrictive covenants and said that the operation of a school did not violate them. The court additionally found that, even if the trial court did not decide the current issue in its previous order, it could have. As a result, the trial court, in this case, found that the issues in the 1966 decision and in the Castlewood Terrace Homeowner's Association's amended complaint were the same. Thus, the amended complaint was barred under *res judicata*, and the trial court dismissed the amended complaint with prejudice.

¶ 8    On December 23, 2021, the Association filed a motion to reconsider or, alternatively, for leave to file a second amended complaint, alleging a zoning ordinance violation. On March 4, 2022, the trial court denied the motion to reconsider the November 23, 2021, ruling. On March 29, 2022, the trial court denied the request for leave to file a second amended complaint. On March 31, 2022, the Association filed its notice of appeal.

¶ 9                                   II. ANALYSIS

¶ 10    We note that we have jurisdiction to consider these matters, as the Association filed a timely notice of appeal following the trial court's judgment. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 11    On appeal, the Association argues that its amended complaint was not barred by *res judicata* and that the trial court erred by dismissing the amended complaint with prejudice.

¶ 12    For the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) final judgment on the merits has been rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). To determine whether two complaints assert the "same cause of action for purposes of the single-refiling rule, we apply the test for 'identity of cause of action' applicable to claims of *res judicata*—the 'transactional test.' " *Deutsche Bank Trust Co. Americas v. Sigler*, 2020 IL App (1st) 191006, ¶ 34. "[S]eparate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d at 311. The determination should be made " 'pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " *River Park, Inc.*, 184 Ill. 2d at 312 (quoting Restatement (Second) of Judgments § 24, at 196 (1982)). "[W]hether an action is barred by *res judicata* is a question of law, which this court reviews *de novo*. *McHenry Savings Bank v. Moy*, 2021 IL App (2d) 200099, ¶ 21.

¶ 13    The parties do not dispute that a final judgment has been rendered or that there is an

identity of the parties. The only contention is whether there is an identity in the cause of action.

¶ 14    In this case, when the Association filed the first complaint in 1963, it challenged the construction of a public school on condemned lots owned by the City of Chicago, alleging the proposed construction violated the restrictive covenants created when the Castlewood Subdivision was created. The 1966 trial court order held that "[t]he erection and operation of the public school on Lots 40, 41 and 42 does not violate any of the restrictions and covenants set forth above, and is a public institution supported and maintained by public funds." In 2019, the Association filed a second complaint after the Chicago Board of Education approved the construction of a gymnasium as an annex to the school. The complaint alleged that the construction of this gymnasium would violate a restrictive covenant mandating a 25-foot setback.

¶ 15    The trial court noted that while the 1966 order did not extinguish the restrictive covenants, the order clearly stated that the operation of the public school did not violate any of the restrictive covenants. Since the gymnasium was an extension of the school, the 1966 court order broadly applied to any building erected in accordance with the operation of the public school.

¶ 16    The trial court's 1966 order found that the restrictive covenants did not conflict or, in other words, bar the government from the erection and operation of a public school using public funds. The Association asks us to read that order language as superfluous, with greater weight afforded to the portion that it does not violate the restrictive covenants. However, we refuse to do so. When read in full, the trial court states that the restrictive covenants could not bar the operation and erection of the public school since it was a public institution supported by public funds.

¶ 17    As the Association noted during the oral arguments, *res judicata* bars issues that reappear in the trial court. Many jurisdictions across the country consider it black letter law that a private contract or restrictive covenant cannot be enforced against the government or a governmental

entity, though we cannot find case law from Illinois adopting the proposition. *Leigh v. Village of Los Lunas*, 108 P.3d 525, 530 (N.M. Ct. App. 2004) (stating restrictive covenants cannot be enforced against a governmental entity). However, our primary analysis focuses on whether the 1966 trial court wrote a broad order, which applied to any future construction projects of the school, or a narrow order, which just applied to the proposed plan for the school at the time. The trial court meant for its order to be read in a broad way, hence its inclusion of language regarding public funds. While the Association argued that the trial court needed to be clairvoyant to foresee the construction of the gymnasium annex, we do not think this is similar to the situation in *Moy*, 2021 IL App (2d) 200099, where the trial court could not foresee another mortgage default occurring in the case. In this case, while the gymnasium was not contemplated by the trial court at the time, that is not required. The gymnasium is an extension of the decision that the trial court made when it stated that the school did not violate the restrictive covenants because it was "a public institution supported and maintained by public funds." As long as the property is used as a public institution supported by public funds, the government can operate in any way it sees fit for its operation, which includes the construction of a gymnasium. Therefore, we find that the trial court did not err by dismissing the complaint on *res judicata* grounds.

¶ 18    The Association raised two additional arguments, the basis of each being the restrictive covenant establishing the 25-foot setback. It argues that the trial court erred by (1) not granting it leave to file its proposed amended complaint, which raised a zoning argument, and (2) denying its motion to reconsider. The substance of the zoning argument was that the restrictive covenant created a greater restriction than the zoning laws for the area and, thus, should be enforced pursuant to the Chicago Zoning Ordinance. The argument also raised a *res judicata* component alleging the zoning restriction was not contemplated in the 1963 action, allowing the claim to defeat the

dismissal on *res judicata* grounds entered by the trial court. In the motion to reconsider, the Association argued that the trial court erred by dismissing the complaint asserting a violation of the restrictive covenants on *res judicata* grounds. Also, the Association argued that, alternatively, the trial court should have granted it leave to file an amended complaint, raising a zoning argument, instead of dismissing the complaint with prejudice. Both arguments in the motion to reconsider were advanced on appeal.

¶ 19    We have already acknowledged that the trial court did not err by dismissing the complaint on *res judicata* grounds. Therefore, the arguments regarding the court's decision to deny the motion to reconsider are of no moment. Regarding the zoning issue, the Public Building Commission at oral argument raised, for the first time, that the argument regarding zoning was premature. We make no finding regarding that argument. Instead, we find that the Association had no right to amend the complaint after the trial court dismissed the complaint with prejudice and the trial court did not err by denying the motion for leave to amend. See *Tomm's Redemption, Inc. v. Hamer*, 2014 IL App (1st) 131005, ¶ 14 ("A complaint cannot be amended after final judgment in order to add new claims and theories or to correct other deficiencies."). Accordingly, we affirm the trial court's dismissal of the complaint with prejudice.

¶ 20                                        III. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.

---

***Castlewood Terrace Homeowner's Ass'n v. Public Building Comm'n for Chicago*, 2024 IL App (1st) 220453**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-CH-03124; the Hon. Pamela M. Myerson, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Christopher Bargione, Adrian Vuckovich, and Kathryne Hayes, of Collins Bargione & Vuckovich, of Chicago, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Nicole Castillo and Richard F. Friedman, of Neal & Leroy, LLC, of Chicago, for appellee. |

---